UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOUSEF SALEM,

    Plaintiff,

  v.                                           CASE NO. 14-CV-11616
                                                 HONORABLE GEORGE CARAM STEEH
CAROLYN W. COLVIN
Commissioner of Social Security,

    Defendant.

_____/

**OPINION AND ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE, REJECTING REPORT AND RECOMMENDATION (Doc. 21), ACCEPTING DEFENDANT'S OBJECTIONS (Doc. 22), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 18), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 15)**

**I. INTRODUCTION**

This matter is before the court on the parties' cross motions for summary judgment upon judicial review of defendant Commissioner's denial of plaintiff's application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") under the Social Security Act. 42 U.S.C. § 401-33, 1381-83f.  The matter was referred to the magistrate judge who recommends that the Commissioner's motion be denied, that plaintiff's motion be granted in part and denied in part, and that the case be remanded for further consideration. The Commissioner filed timely objections to the magistrate judge's report, which this court has duly considered. For the reasons stated below, the Commissioner's objections are accepted, and the denial of benefits shall be affirmed.

**II. PROCEDURAL AND FACTUAL HISTORY**

Plaintiff Yousef Salem was involved in two automobile accidents, one in 2004, the more recent in January 2009.  (Tr. 38-39)  Prior to the accident in 2004, Salem was self-employed in a variety of jobs, including managing a tow truck business and a restaurant.  (Tr. 260)  Salem

stopped working following the 2004 accident and applied for Title II DIB and Title XVI SSI benefits on May 9, 2006, alleging disability since April 14, 2004. (Tr. 86). These applications were denied initially in February 2007 and in a written opinion after a hearing on June 2, 2009. (Tr. 86)  Ronald Semerdjian, M.D., testified at the hearing as a medical expert, opining that Salem was capable of performing light work but would be limited in performing overhead reaching. (Tr. 94)  Dr. Semerdjian also found that Salem's condition did not meet or medically equal one of the listed impairments. (Tr. 89)  Salem did not appeal the ALJ's denial of benefits.

Salem filed a second set of applications on September 9, 2009, alleging disability beginning January 11, 2009, around the same time as the second automobile accident in which he was involved. (Tr. 183-89)  These applications were denied initially and on reconsideration by application of Acquiescence Ruling 97-4(9), which requires applying a presumption of continuing nondisability to subsequent claims involving an unadjudicated period unless the claimant can rebut the presumption by demonstrating a changed circumstance that would affect the issue of disability. (Tr. 126-35); 1997 WL 742758, *3 (Dec. 3, 1997).  Salem did not appeal the denial. (Doc. 21 at 3)

At age forty-five, Salem filed for Title II DIB benefits on October 21, 2011, and for Title XVI SSI benefits on November 15, 2011, alleging disability beginning June 3, 2009. (Tr. 102-03) Salem's claimed impairments included a dislocated shoulder and arthritis, lumbar disc protrusion, nerve root impingement, lumbar radiculopathy, rotator cuff tearing with impingement, tendinosis with joint effusion in shoulders, spondylosis, osteoarthritis, difficulties reading and writing English, and anxiety. (Tr. 102-03, 192)  The claims were denied initially on February 7, 2012, and Salem filed a written request for an administrative hearing, which was held on November 20, 2012, in front of ALJ Michael Wilenkin. (Tr. 19)  Represented by counsel, Salem appeared and testified at the hearing, where he described severe back and shoulder pain. (Tr.

19, 38-39). In a written opinion dated January 13, 2013, ALJ Wilenkin determined that Salem was not disabled. (Tr. 29)

The Social Security Administration's Appeals Council denied Salem's request for review and Salem filed suit in this court for judicial review of the administrative decision. (Tr. 1-6) Both sides filed motions for summary judgment. On June 15, 2015, the magistrate judge issued a report and recommendation. The Commissioner's objections to that report are now before this court. In her objections, the Commissioner argues that the magistrate judge erred in finding that (1) the ALJ failed to analyze the issue of equivalency specifically; (2) the ALJ erred in failing to obtain a medical opinion on the issue of equivalency; and (3) the ALJ failed to properly analyze Salem's residual functional capacity (RFC). For the reasons stated below, the Commissioner's objections shall be accepted and the ALJ's decision that Salem is not disabled shall be affirmed.

## III. STANDARD OF REVIEW

Judicial review of benefits decisions made by the Commissioner of Social Security after a hearing is authorized by 42 U.S.C. § 405(g). Review may first be referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). When reviewing a magistrate judge's report and recommendation upon objection from any party, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision unless it determines that the Commissioner "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390

(6th Cir. 2004). The court may not evaluate the credibility of witnesses or try the case de novo. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2007).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 286 (6th. Cir. 1994). A court may not reverse the Commissioner's decision merely because it disagrees or because substantial evidence can also be found in the record to support the opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

The Commissioner must adhere to agency procedures, although failure to do so is generally considered harmless error unless such an omission prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's "failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).

## IV. ANALYSIS

### A. ALJ's Consideration of Medical Equivalency Specifically

First, defendant Commissioner argues that the magistrate judge erred in concluding that the ALJ did not specifically consider whether Salem's impairments medically equaled one of the impairments listed in Appendix 1 to Subpart P of 20 C.F.R. § 404. *See* 20 C.F.R. §§ 404.1520(d), 404.1525-.1526, 416.920(d), 416.925-.926. While the magistrate judge did agree in general with Salem's objections, which included the ALJ's failure to analyze the issue of equivalency specifically, the magistrate judge's analysis is wholly focused on the ALJ's failure to obtain a medical opinion on equivalency. Because the magistrate judge does not take issue with the ALJ's failure to analyze equivalency specifically, this objection by defendant Commissioner is not well-taken.

**B. ALJ Properly Relied on Dr. Tsai's Evaluation of Medical Equivalency**

Second, defendant Commissioner argues that the magistrate judge erred in her determination that the ALJ needed to obtain an independent medical opinion on whether Salem's conditions medically equaled one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404. In finding that Salem was not disabled, ALJ Wilenkin relied on the February 2012 Disability Determination Explanations ("DDE") and Disability Determination and Transmittals signed by Paul Karabelski – a single decision-maker from the state agency – and Thomas Tsai, M.D. – a psychiatrist. (Tr. 102-125).  Dr. Tsai completed the Psychiatric Review Technique portion of the DDEs and signed the documents at the end. (Tr. 105-06, 112, 116-17, 123)  Dr. Tsai's signature also appears on the Disability Determination and Transmittal Forms as the "Physician or Medical Specialist." (Tr. 124-25)  SDM Karabelski's signature appears directly beneath the physical portion of the DDEs and at the end of the reports. (Tr. 107-10, 112, 117-21, 123).  The magistrate judge found that Dr. Tsai had not participated in the physical evaluation portion of the DDEs and that even if he had, as a psychiatrist, Dr. Tsai was not qualified to render such an opinion. (Doc. 21 at 9).

Social Security Ruling 96-6p states that the requirement to obtain an expert opinion on medical equivalence can be satisfied by "by any of the foregoing documents [including a Disability Determination and Transmittal Form, Psychiatric Review Technique Form, and "various other documents on which medical and psychological consultants may record their findings"] signed by a State agency medical or psychological consultant." Case law in this circuit has held that a psychologist is not qualified to evaluate a claimant's physical capacity or to sign off on such an evaluation. *Buxton v. Halter*, 246 F.3d 762 (6th Cir. 2001); *see also Yahya v. Comm'r of Soc. Sec.*, 2014 WL 1776006 (E.D. Mich. May 5, 2014); *Klink v. Comm'r of Soc. Sec.*, 2014 WL 902707 (E.D. Mich. Mar. 7, 2014); *Rivard v. Comm'r of Soc. Sec.*, 2014 WL 688165 (E.D. Mich. Feb. 21, 2014); *Barnes v. Comm'r of Soc. Sec.*, 2013 WL 6328835 (E.D.

Mich. Dec. 5, 2013). However, the professionals at issue in those cases were all psychologists and credentialed as PhDs or MAs, not medical doctors, and there was no indication that an M.D. had signed off on any portion of the evaluation. *See Buxton*, 246 F.3d at 775; *Yahya*, 2014 WL 1776006, at *11; *Klink*, 2014 WL 902707, at *10; *Rivard*, 2014 WL 688165, at *7; *Barnes*, 2013 WL 632835, at *2, *11. Here, Dr. Tsai, while specializing in psychiatry, is a medical doctor, and there is no indication in the governing regulations or case law that a medical professional must be of any particular specialty to evaluate whether a claimant's condition equals a listed impairment. There is also no indication in the case law or governing regulations that the medical professional's signature must be in any particular place on one of the listed forms to satisfy SSR 96-6p's signature requirement. Based on the foregoing analysis, the Commissioner's objection has merit, and the ALJ's reliance on Dr. Tsai's evaluation was proper.

**C. ALJ Properly Analyzed Salem's Residual Functional Capacity**

    **1. ALJ Did Not Equate Seated Work with Sedentary Work**

Third, defendant Commissioner objects to the magistrate judge's determination that the ALJ incorrectly equated seated work with sedentary work in his opinion. As Defendant Commissioner astutely argues, 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a) prescribe that, in accordance with the Department of Labor's *Dictionary of Occupational Titles*, "a sedentary job is defined as one which involves sitting," and the ALJ explicitly acknowledged that sedentary work may also involve occasional standing and walking as part of his assessment that sedentary work "does not involve any prolonged standing or walking." (Tr. 28); *see also* Dep't of Labor, *Dictionary of Occupational Titles* App'x C (4th ed. 1991). Thus, any imprecision in ALJ Wilenkin's language is harmless error, and the Commissioner's objection has merit.

**2. Salem's Alleged Need for a Cane**

Fourth, defendant Commissioner objects to the magistrate judge's determination that the ALJ should either have included Salem's need for a cane as part of his residual functional capacity (RFC) or explained with sufficient evidence why he declined to do so. The Commissioner argues that since the 2009 decision denying benefits did not include a need for a cane, ALJ Wilenkin was prevented from imposing one absent new and material evidence, in accordance with Social Security Acquiescence Ruling 98-4(6). 63 Fed. Reg. 29,772 (June 1, 1998). In support of her objection, defendant Commissioner cites a November 2012 Physical Capacities Evaluation from Victor Al-Matchy, M.D., in which Dr. Al-Matchy did not include the use of a cane under a section titled "other functional limitations," in addition to the ALJ's concerns about Salem's credibility. (Doc. 22 at 5-6).

The concept of substantial evidence presupposes that a "zone of choice" exists within which an ALJ has discretion in reaching a conclusion. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009) (*citing Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994)). This zone of choice exists even when the need for a cane is well-established by the medical record, if there is substantial evidence that the use of a cane is not required as part of the claimant's RFC. *Croom v. Comm'r of Soc. Sec.*, 2014 WL 3418843, at *13 (E.D. Mich. July 14, 2014). Here, none of the treatment records subsequent to Salem's May 2012 visits to Raja Lewis, M.D. – the physician who prescribed the cane – indicate that Salem required the assistance of a cane to ambulate. (*See* Tr. 467-79)  Although these subsequent treatment records generally indicate an antalgic gait, most of them are from Dr. Al-Matchy, whose opinion the ALJ determined was not entitled to controlling weight since Dr. Al-Matchy's records are largely based on Salem's subjective complaints. (*See* Tr. 27-28). This evaluation of Dr. Al-Matchy's records is particularly significant because the ALJ also found Salem not to be a credible witness. (*See* Tr. 25-28). This evidence, in conjunction with Dr. Al-Matchy's omission of the cane from his November 2012

Physical Capacities Evaluation, puts the determination of whether to include the need for a cane in Salem's RFC squarely within the ALJ's zone of choice.

This conclusion is the same even if one assumes that Salem's need for a cane is "well established." Before finding such a device is medically required, the record must "describ[e] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); *see also Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012); *Morrison v. Comm'r of Soc. Sec.*, 2015 WL 1197689, *17 (E.D. Mich. Mar. 16, 2015). Neither the cane prescription nor treatment records from Dr. Lewis indicate the circumstances in which Salem might require the use of a cane. (*See* Tr. 458-65). As such, Salem's argument that the need for a cane might erode the occupational base of sedentary work is without support.

Based on the foregoing analysis, the Commissioner's objection has merit, and the ALJ's decision to exclude the use of a cane from Salem's RFC is supported by the record.

### 3. Salem's Alleged Shoulder Impairments

Finally, defendant Commissioner objects to the magistrate judge's determination that the ALJ should either have included a limitation on overhead reaching as part of Salem's RFC or explained with sufficient evidence why he declined to do so. In his June 2, 2009, written opinion denying benefits, ALJ Robert Asbille found that Salem was capable of only "occasional overhead reaching." (Tr. 95). In accordance with SSAR 98-4(6), ALJ Wilenkin was bound by the prior determination absent new and material evidence. 63 Fed. Reg. 29,772. In her objections, defendant Commissioner argues that the January 2012 treatment notes of Labeed Nouri, M.D., and lack of "other functional limitations" in Dr. Al-Matchy's November 2012 Physical Capacities Evaluation constitute such new and material evidence. (Doc. 22 at 7-8).

This court will defer to the determination of the administrative law judge so long as that decision is supported by substantial evidence, even when the record also contains substantial

evidence in support of the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Here, the physical examination performed by Dr. Nouri postdating the prior Social Security decision, in addition to the fact that Dr. Al-Matchy – Salem's most recent treating physician – did not indicate a limitation on reaching, constitute new, material, and substantial evidence in support of ALJ Wilenkin's determination not to impose a reaching limitation in determining Salem's RFC. Moreover, the ALJ also noted that several of Salem's physicians, including those who reported a limited range of motion in Salem's shoulders, relied heavily on Salem's subjective reports of symptoms and did not always conduct an independent physical exam. (*See* Tr. 26-28). Moreover, even assuming that Salem's reaching ability is restricted, to preclude reliance on the vocational grids, a non-exertional limitation must be severe enough to "'restrict a full range of gainful employment,'" and Social Security Ruling 83-14 notes that a particular non-exertional limitation may have "very little effect" on the range of work a claimant is able to perform. *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 670 (6th Cir. 2009) (*quoting Mullins v. Sec'y of Health & Human Serv.*, 836 F.2d 980, 985 (6th Cir.1987)); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423-24 (6th Cir. 2008).

With regard to the magistrate judge's conclusion that ALJ Wilenkin "ignored" evidence in the record indicating that Salem's reaching ability was restricted, "it is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision'" every individual piece of evidence. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (*quoting Loral Def. Sys.–Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir.1999)); *see also Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). Here, the ALJ's general assessment of the medical evidence and Salem's own credibility sufficiently addresses the record as a whole. For all of the foregoing reasons, the Commissioner's objection has

merit, and the ALJ's decision not to include a limitation on overhead reaching as part of Salem's RFC is supported by the record.

## IV. CONCLUSION

For the reasons set forth above, the ALJ's decision is supported by substantial evidence and is therefore **AFFIRMED**. Consistent with the analysis herein, the court hereby **REJECTS** the magistrate judge's report and recommendation dated June 15, 2015 (Doc. 21), **GRANTS** the Commissioner's motion for summary judgment (Doc. 18), **DENIES** Salem's motion for summary judgment (Doc. 15), and **DISMISSES** Salem's claim WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 30, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 30, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---